USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL DAVIS,

    Plaintiff,

-against-

WESTCHESTER COUNTY; WELLPATH
MEDICAL SERVICES; CORRECT CARE
SOLUTIONS, LLC; DR. RAUL ULLOA,
Medical Director; ALEXIS GENDELL,
Administrator; SGT. D. LOPEZ #206; ASST.
WARDEN LA. SPAULDING,

    Defendants.

7:20-CV-0517 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, currently held in the Westchester County Jail ("WCJ"), brings this *pro se* action under 42 U.S.C. § 1983 seeking damages and declaratory relief. Plaintiff sues (1) Westchester County, (2) Wellpath Medical Services, (3) Correct Care Solutions, LLC, (4) WCJ Medical Director Dr. Raul Ulloa, (5) WCJ "Administrator" Alexis Gendell, (6) Correctional Sergeant Lopez, and (7) WCJ Assistant Warden Spaulding. By order dated February 20, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] The Court directs service on the defendants.

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and ordered that summonses be issued for the defendants. The Court therefore extends the time to serve the defendants until 90 days after the date that summonses for the defendants are issued. If the complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue summonses for the defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on the defendants.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to issue summonses for Defendants Westchester County, Wellpath Medical Services, Correct Care Solutions, LLC, Dr. Raul Ulloa, Alexis

2

Gendell, Correctional Sergeant D. Lopez (Shield No. 206), and Assistant Warden Spaulding; complete USM-285 forms with the service addresses for those defendants; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: Feb. 24, 2020
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Westchester County
   Law Department
   148 Martine Avenue
   White Plains, New York 10601

2. Wellpath Medical Services
   1283 Murfreesboro Road
   Nashville, Tennessee 37217

3. Correct Care Solutions, LLC
   1283 Murfreesboro Road
   Nashville, Tennessee 37217

4. Dr. Raul Ulloa, Medical Director
   Westchester County Jail
   P.O. Box 10
   Valhalla, New York 10595

5. Alexis Gendell, Administrator
   Westchester County Jail
   P.O. Box 10
   Valhalla, New York 10595

6. Sergeant D. Lopez, Shield No. 206
   Westchester County Jail
   P.O. Box 10
   Valhalla, New York 10595

7. Assistant Warden Spaulding
   Westchester County Jail
   P.O. Box 10
   Valhalla, New York 10595