UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL DAVIS.,

                   Plaintiff,

   -against-

WESTCHESTER COUNTY, WELLPATH
MEDICAL SERVICES, CORRECT CARE
SOLUTIONS, DR. RAUL ULLOA, ALEXIS
GENDELL, CORRECTIONAL SERGEANT
LOPEZ (SHIELD #206), and ASSISTANT
WARDEN SPAULDING

                  Defendants.

No. 20-cv-517 (NSR)
OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___8/12/2021___

NELSON S. ROMÁN, United States District Judge

Plaintiff Michael Davis ("Plaintiff") brings this action pursuant to 42 U.S.C § 1983

against Westchester County, Wellpath Medical Services ("Wellpath"), Correct Care Solutions

("CCS"), Dr. Raul Ulloa ("Dr. Ulloa"), Alexis Gendell ("Gendell"), Correctional Sergeant Lopez

("Lopez"), and Assistant Warden Spaulding ("Spaulding") alleging deliberate indifference in

violation of the Fourteenth Amendment against Defendants Westchester County, Wellpath, CCS,

and Dr. Ulloa, and that Defendants Lopez and Spaulding failed to respond to grievances.[1] Before

the Court is Defendants' motion to dismiss the Complaint. (ECF No. 32.) For the following

reasons, Defendants' motion is GRANTED and the complaint is dismissed without prejudice.

---

[1] Plaintiff commenced this action *pro se* and is now represented by counsel.

## BACKGROUND

The following facts are taken from the Complaint and are assumed to be true for the purposes of this motion.[2] (ECF No. 2.)

At the time of the allegations, Plaintiff was a pretrial inmate at Westchester County Department of Corrections. On February 11, 2019, the date of his arrival, Plaintiff put in sick calls regarding his right "inguinal hernia."[3] (*Id.* at 4.)

On March 7, 2019, after putting in a sick call reporting pain after eating, Plaintiff was seen by Nurse Practitioner "G. Arancherill." A surgical consult was ordered pending approval. (*Id.* at 5.)

On March 8, 2018, Plaintiff was seen by Wellpath provider "Rmathai" who ordered a surgical consult for a right inguinal hernia. (*Id.*)

On March 24, 2019, Plaintiff was seen by Nurse Practitioner "G. Arancherill" after putting in a sick call. Plaintiff reported that pain was not relieved with Motrin and requested to see a surgeon. (*Id.*)

---

[2] While this motion was being briefed, Plaintiff's counsel submitted a letter informing the Court that subsequent to the period covered in the Complaint, Plaintiff received surgery. However, in its review of a motion to dismiss, the Court's analysis is limited to assessing the sufficiency of the allegations within the Complaint. Accordingly, the Court has not considered this supplemental information.

[3] "An inguinal hernia is a bulging of the contents of the abdomen through a weak area in the lower abdominal wall. Inguinal hernias can occur at either of two passages through the lower abdominal wall, one on each side of the groin." *What is an inguinal hernia?*, National Institute of Diabetes and Digestive and Kidney Disease (July 23, 2020), https://www.niddk.nih.gov/health-information/digestive-diseases/inguinal-hernia#what; *see* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.").

On March 29, 2019, Plaintiff was seen for a sick call complaint due to the pain he was experiencing from his hernia and that it was "protruding." (*Id.* at 7.)

On April 4, 2019, Plaintiff put in a request for surgery and the Registered Nurse and Nurse Practitioner put in a surgery consult request. (*Id.* at 5.)

On July 2, 2019 and August 2, 2019, Plaintiff was seen by "Rmathai" who again ordered a surgical consult. (*Id.*)

On August 19, 2019, Plaintiff was seen by Nurse Practitioner "Buszynski" after reporting that his hernia was the "size of a baseball." A surgical consult was ordered.  Dr. Ulloa did not approve surgery and instead ordered physical therapy and advised Plaintiff to "avoid strenuous activities." (*Id.*)

On September 4, 2019 and September 9, 2019 Plaintiff was seen for sick calls due to a hernia in his groin area, which Plaintiff complained was causing pain so "unbearable where I could not sleep" (*Id.*)

On November 7, 2019, Plaintiff submitted a grievance to the Westchester County Department of Corrections alleging inadequate medical attention for his "right inguinal hernia," and, specifically, Dr. Ulloa's denial of surgery requests. Lopez denied this grievance. Plaintiff's appeal of this grievance was also denied by Spaulding. (*Id.* at 6.)

Plaintiff commenced this action pro se on January 17, 2020. (ECF No. 2.) Plaintiff seeks, among other things, punitive damages in the amount of one million dollars, and a declaratory judgment that his Fourteenth Amendment rights were violated. The Court granted Plaintiff's request to proceed *in forma pauperis* (ECF No. 4) and issued an order of service (ECF No. 6), pursuant to which the United States Marshals Service served Defendants on Plaintiff's behalf (ECF Nos. 14-19). After Defendants were served and had requested leave to file a motion to

dismiss (ECF No. 20), counsel appeared for Plaintiff (ECF No. 22). The Court granted

Defendants leave to file their motion (ECF No. 25), to which Plaintiff filed a counseled

opposition (ECF Nos. 30, 31). Defendants' motion is now before the Court. (ECF No. 32; *see*

ECF Nos. 33-35.)

## LEGAL STANDARDS

### I.      Standard of Review on a Motion to Dismiss

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the

complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the

complaint, "a court should assume their veracity and then determine whether they plausibly give

rise to an entitlement to relief." *Id*. at 679. "Although for the purpose of a motion to dismiss [a

court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept

as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly*, 550 U.S. at

555). It is not necessary for the complaint to assert "detailed factual allegations," but must allege

"more than labels and conclusions." *Twombly*, 550 U.S at 555. The facts in the complaint "must

be enough to raise a right to relief above the speculative level on the assumption that all the

allegations in the complaint are true." *Id*.

"Pro se complaints are held to less stringent standards than those drafted by lawyers, even

following *Twombly* and *Iqbal*."[4] *Thomas v. Westchester*, 2013 WL 3357171, at *2 (S.D.N.Y.

---

[4] "Because the complaint is the document under review at the motion to dismiss stage, the court concludes that a complaint filed pro se should be reviewed using the liberal standard despite the Plaintiff's subsequent retention of counsel." *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10-CV-3291 NGG SMG, 2012 WL 1372260, at *3 n.4 (E.D.N.Y. Apr. 18, 2012) (citing *Kubicek v. Westchester County*, No. 08–CV–372 (KMK), 2009 WL 3720155, at *3 n. 5 (S.D.N.Y. Oct.8,

July 3, 2013). The court should read pro se complaints "'to raise the strongest arguments that

they suggest,'" *Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order)

(quoting *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006)); *see also Harris v. Mills*, 572 F.3d

66, 72 (2d Cir. 2009) ("even after *Twombly*, though, we remain obligated to construe a pro se

complaint liberally"). "However, even pro se plaintiffs asserting civil rights claims cannot

withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise

a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d

218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element

necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint

[is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d

379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

**II.    42 U.S.C. § 1983**

Section 1983 provides that: "[e]very person who, under color of any statute, ordinance,

regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of

the United States … to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is

not itself a source of substantive rights, but a method for vindicating federal rights elsewhere

conferred by those parts of the United States Constitution and federal statutes that it describes."

*Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d

206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege "(1) the challenged

---

2009)). The court notes, however, "that now that [Plaintiff] is formally represented by counsel,
[his] future submissions will not be considered pro se." *Id.* (quoting *Kubicek*, 2012 WL 1372260,
at *3 n.5).

conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *Annis v. Westchester County*, 136 F.3d 239, 245 (2d Cir. 1998); *see Quinn v. Nassau Cnty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (noting that Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution").

## DISCUSSION

Liberally construed, Plaintiff asserts two Section 1983 claims: (1) deliberate indifference against Defendants Westchester County, Wellpath, CCS, and Dr. Ulloa, and (2) failure to respond to grievances against Defendants Lopez and Spaulding. Defendants aver that Plaintiff has not stated a plausible claim under either theory.

### I.   *Monell* Claims Against Westchester County, Wellpath, and CCS

Plaintiff asserts claims against Westchester County, Wellpath, and CSS. Defendants aver that these claims are effectively against a municipality and that Plaintiff has failed to plausibly state claims against these parties as required by *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 659 (1978). The Court agrees.

#### A.  *Monell Liability Standard*

Municipal defendants, or private actors engaged in governmental action, may not be held liable under Section 1983 on a *respondeat superior* theory solely because the municipality or private corporation employed a tortfeasor. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

6

Instead, under *Monell*, a plaintiff must plead "that the municipality itself caused or is implicated in the constitutional violation." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004). This generally requires a Plaintiff to plead that "(1) an official custom or policy [ ] (2) subjected [him or her] to (3) a denial of a constitutional right." *Ferrari v. County of Suffolk*, 790 F. Supp. 2d 34, 40 (E.D.N.Y. 2011); *see also Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) ("In order to prevail on a claim against a municipality under [S]ection 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury."). To plead an official custom or policy, a plaintiff must allege

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (internal citations and quotation marks omitted); *see also Brandon v. City of New York*, 705 F.Supp.2d 261, 276–77 (S.D.N.Y. 2010) (quoting *Moray* and updating citations to cases).

*Monell* liability premised upon an unofficial policy or custom, can only survive a motion to dismiss if the practice, custom, or usage is so widespread and persistent that it has the force of law. *Goode v. Westchester County*, No. 18-cv-2963 (NSR), 2019 WL 2250278, at *3 (S.D.N.Y. May 24, 2019). Although a plaintiff is not required to identify an express rule or regulation to establish a *Monell* claim, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v.*

*Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (internal quotation marks omitted). "In the end, therefore, a plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury." *Hayes*, 853 F.Supp.2d at 439 (quoting *Roe*, 542 F.3d at 37 (internal quotation marks omitted)).

B. *Plaintiff's Monell Claims*

Defendants argue that Plaintiff's claims against Westchester County, Wellpath, and CCS, should be dismissed for failure to allege a municipal policy or custom as required by *Monell.* The Court agrees with Defendants. *See Salvatierra v. Connolly*, 2010 WL 5480756, at *10 (S.D.N.Y. Sept. 1, 2010) (dismissing claim against agencies where plaintiff did not allege that any policy or custom caused the deprivation of his rights).

Though Wellpath and CCS are not municipalities, "conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character that it can be regarded as governmental action." *Rendell-Baker v. Kohn*, 457 U.S. 830, 847 (1982). If Plaintiff so alleges, Wellpath and CCS, in their official capacity as prison contractors, can also be held liable under Section 1983. Plaintiff's allegations are sparse and fail to delineate with any specificity, what, if any, services are provided by Wellpath and CCS such that they should be deemed the equivalent of governmental actors. Plaintiff has failed to satisfactorily allege a plausible *Monell* claim..

Still, Plaintiff's *Monell* claims fail because he does allege "any facts suggesting the existence of an official policy or custom under any of the above four factors, or any facts suggesting an official policy or custom" caused Westchester County, Wellpath, or CCS to deny his surgery request. *Hoffstead v. Aramark Corr. Servs., LLC*, No. 18 CV 2381 (VB), 2019 WL

1331634, at *5 (S.D.N.Y. Mar. 25, 2019). Indeed, he does not identify or allege the existence of

a policy or custom even in a conclusory fashion. Even if Plaintiff's sufficiently identified

Wellpath and CCS as governmental actors or the equivalent thereof, the Complaint does not

include a facially plausible *Monell* claim against Defendants Westchester County, Wellpath, and

CCS on the basis of an official or unofficial policy or custom. Accordingly, Plaintiff's claims

against Westchester County, Wellpath, and CCS are dismissed without prejudice.  To the extent

that Plaintiff can allege that Wellpath and CCS are government actors or that the surgeries were

denied pursuant to an unconstitutional custom or policy, he is granted leave to replead his claim.

## II.      Deliberate Indifference Claims Against Individual Defendants

Plaintiff attempts to allege deliberate indifference in violation of the Fourteenth

Amendment against Defendants Dr. Ulloa and Gendell. As the Court will in turn address,

Plaintiff insufficiently alleges that Dr. Ulloa acted with the objective mental culpability or

recklessness required by the Fourteenth Amendment. Plaintiff also fails to allege that his

condition was sufficiently serious. Lastly, Plaintiff fails to allege any specific wrongdoing by

Defendant Gendell. For these reasons, the Court dismisses Plaintiff's deliberate indifference

claims against these Defendant without prejudice.

### A.   Deliberate Indifference Standard

Claims of deliberate indifference to a pretrial detainee's medical needs "are governed by

the Due Process Clause of the Fourteenth Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d

Cir. 2017) (internal citations omitted). Deliberate indifference claims are reviewed using a two-

prong inquiry. Under the objective prong, a plaintiff must allege, "that the alleged deprivation

[is] sufficiently serious in the sense that [it is] a condition of urgency, one that may produce

death, degeneration, or extreme pain." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)

(quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). Under the "mental element" prong of the Fourteenth Amendment standard, a plaintiff must allege that the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care . . . even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

      a.   *Mens Rea* Prong

      The "mental element" or *mens rea* prong, when analyzed under the Fourteenth Amendment, is defined objectively: "the pretrial detainee must ... [allege] that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 30, 35 ("the Due Process Clause can be violated [even] when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm"). "Any § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence" and the mental element prong does not encompass "an inadvertent failure to provide adequate medical care[.]" *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Courts in this district have held that "mere failure to act on a complaint, without more, fails to state a claim under Section 1983" and that "a defendant's high position or rank is not sufficient in and of itself to show that the defendant is, or should be aware of something." *Smith v. Westchester Cnty.*, No. 19-CV-03605 (NSR), 2021 WL 2856515, at *7 (S.D.N.Y. July 7, 2021).

> i.   *Claims Against Dr. Ulloa: Mens Rea Prong*

Defendants aver that Plaintiff has not sufficiently pleaded the *mens rea* prong against Dr. Ulloa. The Court agrees. The Complaint lacks any allegation against Dr. Ulloa that would nudge his actions from mere negligence to deliberate indifference. Here, multiple healthcare providers recommended a surgical consult, but Dr. Ulloa ultimately withheld surgery in favor of another course of treatment: physical therapy. Even if Dr. Ulloa's actions amounted to an erroneous calculation of risks and costs facing Plaintiff, that would be insufficient to demonstrate an intentional deprivation or recklessness. "Mere medical malpractice is not tantamount to deliberate indifference" *Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000), and "misdiagnosis and 'the decision not to treat based on an erroneous view that the condition is benign or trivial'" does not rise to the level of deliberate indifference, *Williams v. Williams*, 2015 WL 568842, at *6 (S.D.N.Y. Feb. 11, 2015); *Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000) (holding malpractice, "bad diagnosis," "erroneous calculus of risks and costs," etc. insufficient to state a deliberate indifference claim). Moreover, the Complaint contains no factual allegations that would plausibly suggest that Dr. Ulloa intentionally chose an "easier and less efficacious" treatment. *Contra Figueroa v. County of Rockland*, 2018 WL 3315735 (S.D.N.Y. July 5, 2018) (finding *mens rea* where "Dr. Piacente agreed that Plaintiff needed stitches but told Plaintiff "that he could handle it" and intentionally provided an "easier and less efficacious treatment," paper stitches"). Accordingly, Plaintiff's claim against Dr. Ulloa is dismissed without prejudice. To the extent that Plaintiff can allege the requisite mens rea under the Fourteenth Amendment standards, Plaintiff is granted leave to re-plead his claim against Dr. Ulloa.

*b. Objective Prong*

Even if Plaintiff were to satisfy the *mens rea* prong, he would also need to satisfy the objective prong in order to state a plausible deliberate indifference claim. The objective prong requires that the alleged condition is "in objective terms, sufficiently serious." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotations omitted). The objective prong is a two part inquiry, *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006), requiring an actual "deprivation of adequate medical care," *Id*. at 279; *see Farmer v. Brennan*, 511 U.S. 825, 844-47 (1994) (reasonable care is not deprivation), and a determination that the deprivation is sufficiently serious, shown by the existence of "a condition of urgency, one that may produce death, degeneration, or extreme pain," *Hill*, 657 F.3d at 122 (citing *Hathaway*, 99 F.3d at 553).

To adequately plead that a condition is "sufficiently serious," a plaintiff "must [allege] that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Id*. "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" *Darnell*, 849 F.3d at 29 (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)). To determine whether a medical need rises to the level of a constitutional claim for deprivation of medical care, this Court considers factors such as "whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain." *Charles v. Orange Cnty.*, 925 F.3d 73 (2d Cir. 2019). With respect to alleged inadequate treatment, the inquiry focuses on the alleged inadequacy "rather than the prisoner's underlying medical condition alone." *Salahuddin*, 467 F.3d at 280.

ii.   *Claims Against Dr. Ulloa: Objective Prong*

The Court notes, without deciding, that Plaintiff's pleadings may be insufficient to meet the objective prong of a deliberate indifference claim. While Plaintiff attempts to establish that his inguinal hernia is sufficiently serious, other courts have rejected the claimed condition as sufficiently serious. *See Arroyo v. City of New York*, 99 CIV.1458(JSM), 2003 WL 22211500 (S.D.N.Y. Sept. 25, 2003) (holding that "plaintiff's inguinal hernia was not objectively a 'serious' enough condition to satisfy the objective prong of the test"); *see also Gonzalez v. Greifinger*, 95 CIV. 7932 (RWS), 1997 WL 732446 (S.D.N.Y. Nov. 25, 1997) (finding that an eleven month delay in surgery for a hernia, followed by a surgery that resulted in complications, failed to meet the sufficiently serious standard); *see also Abdul-Akbar v. Dept. of Corrections*, 910 F. Supp. 986 (D. Del. 1995), ("It is questionable whether a hernia is a 'serious medical need.'"), *aff'd*, 111 F.3d 125 (3d Cir. 1997). In any event, the Court must dismiss the deliberate indifference claim against Dr. Ulloa because Plaintiff has not satisfactorily alleged *mens rea*.

c.   *Claims Against Gendell*

Defendants aver that Plaintiff's claim against Gendell should be dismissed because Plaintiff fails to mention Gendell outside of the case caption, much less describe what conduct Gendell engaged in that purportedly gave rise to a cause of action. (ECF No. 34.) The Court agrees with Defendants.

In this Circuit "it is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000); *see Calvin v. Schmitt*, 2017 WL 4280683, at *8 (S.D.N.Y. July 7, 2017) (dismissing claim against a defendant who was named in the caption but

13

not otherwise mentioned in the complaint). Though Plaintiff mentioned the other Defendants by name within the text of the Complaint, he did not make any factual allegations against Gendell. Accordingly, Plaintiff's claims against Gendell are dismissed. To the extent that Plaintiff may, in good faith, plead additional facts establishing Gendell's personal involvement in the alleged constitutional violations, he is granted leave to replead his claim against Gendell.

### III.   Grievance Procedure Claims

Plaintiff asserts claims against Defendants Lopez and Spaulding for "failure to respond to grievances." However, "[t]here is no constitutional right of access to the established inmate grievance program." *Banks v. Annucci*, 48 F. Supp. 3d 394, 412 (N.D.N.Y. 2014); *see also Shell v. Brzezniak*, 365 F. Supp. 2d 362, 369-70 (W.D.N.Y. 2005) ("Inmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim."). Accordingly, Plaintiff's Section 1983 claims against Defendants Lopez and Spaulding are dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED as to Plaintiff's claims against Defendants Lopez and Spaulding and those claims are dismissed with prejudice. Defendant's motion to dismiss is also GRANTED as to the claims against Defendants Westchester County, Wellpath, CCS, Dr. Ulloa, and Gendell is and those claims are dismissed without prejudice. If Plaintiff wishes to reassert any claims dismissed herein without prejudice, he may file an amended complaint consistent with this Opinion on or before September 6, 2021.

If an amended pleading is not made by September 6, 2021 and Plaintiff fails to move for an extension to that deadline, the claims dismissed without prejudice herein may be dismissed

with prejudice and the action terminated without further notice. If Plaintiff files an Amended

Complaint, then Defendants shall have until 30 days from the date of Plaintiff's filing to answer

the Amended Complaint or seek leave to file a non-frivolous and non-repetitive motion to

dismiss.

      The Clerk of Court is directed to terminate the motion at ECF No. 33.

Dated: August 12, 2021
      White Plains, NY

                        SO ORDERED:

                        HON. NELSON S. ROMAN
                        UNITED STATES DISTRICT JUDGE